The opinion of the Court was delivered by
Parsons, C. J.
At common law, no action lies to recover a legacy, or damage for non-payment of it. The remedy of the legatee is either in the ecclesiastical court or in chancery. Having neither of these courts, by the provincial statute of 5 Will, and Mar. c. 3, it was enacted that any certain legacy, or any residuary or uncertain legacy, reduced to a certainty by the executor’s account, may be sued for and recovered at the common law. By the statute of 1783, c. 24, in which this part of the provincial statute is revised, it is enacted, in general terms, that any person having a legacy given him may sue for and recover the same at common law.
In consequence of these statute provisions, legacies have always been recovered by actions at law, in which the legatee shows the bequest, the probate of the will, the official capacity of the defendant, and his reception of assets making * him [ * 636 J liable to pay, of which the probate records are evidence ; whence an action has accrued by law to the legatee to demand and have the legacy of the defendant, and that he after notice and demand has refused to pay ; to the damage of the defendant.
In the present action, the defendant is not the executor, but is the administrator of the estate not administered by the executor, with the will annexed; and he is liable in all cases for debts and legacies not paid by the executor, which the executor was liable from his official character to pay. And the general rule is, that the duties of an executor, resulting from the nature of his office, and charged upon him as executor, devolve on an administrator cum testamento annexe; where the authority is not necessarily connected with a personal trust or confidence reposed in him by the testator.
What is called, in this case, a legacy'to the plaintiff, is a direction to the executor to support and maintain him during his life. This bequest could be enforced by a bill in chancery; but having no chancery here, damages are given at law, to be paid out of the estate of the testator, sufficient to compensate the legatee, for the non-execution of the trust of supporting and maintaining him. In this way justice is done to legatees by suits at law, but, it must be admitted, not so conveniently and correctly, in many cases, as could be done by a court of equity.
Upon these principles, we are of opinion that the present action is maintainable. The direction to support and maintain the plaintiff results from the bounty of the testator declared in his will, and *558 must be considered, as to the remedy, as a legacy. It is made the duty of the executor, in his official character, to furnish this support and mainténance out of the estate of the testator in his hands, of which he had sufficient. He did not discharge his duty, and it has devolved on the defendant, in his character of administrator de bonis non cum testamento annexa, who has sufficient assets ; and for neglecting this duty, the plaintiff is entitled to judgment against the estate in the defendant’s hand, for a sum of money in damages, which shall be a reasonable compensation for the bounty of ,the testator, which has been withholden from him. Let the defendant, therefore, be called.