Parker C. J.
The question is, whether the provision in the will of Cornelius Baker in favor of the plaintiff in this action, is of the nature of a legacy, so as to entitle her to recover against the present representative of the testator, and to have a satisfaction of her judgment out of the effects of the deceased. And we are all of opinion that such is the nature of the testamentary provision, and that according to the law, as declared in the case of Farwell v. Jacobs, 4 Mass. R. 634,[1] the plaintiff is entitled to support her action. There is no difference in principle between the two cases, and very little in the character of the bequests ; so that it is better to refer to that case for the reasons of the opinion, which are very clearly stated by Parsons, C. J., than to repeat them here, or to endeavour to give others.
*661 The diversity suggested by counsel in the argument is, that the bequest in the former case was not expressly charged upon the real estate, nor was the devise of the estate to the residuary devisee upon condition of his fulfilling the duties imposed by the will; whereas, in the case before us, it is expressly provided, that the residuary devise should be on condition of the devisee’s paying legacies, &c. But we do not perceive any distinction in the legal character of the two bequests ; the most that can be said is, that in this case there was the cumulative remedy of an entry for non-performance of the condition.[2] The action is not thereby taken away, and it *662 is certainly as convenient that a judgment should he rendered against the administrator, as that the whole estate should be avoided by an entry. The administrator may find means of satisfying the judgment without disturbing the real estate, or he may sell just so much of that as will enable him to satisfy it. Judgment will therefore be rendered for the plaintiff.

 See Wood v. Barstow, 10 Pick. 368.

 See Wheeler v. Walker, 2 Connect. R. 196 ; Chalker v. Chalker, 1 Connect. R. 79 ; Ward v. Downing, Popham, 10 ; Fox v. Carlyne, Cro. Eliz. 454 ; Curteis v. Wolverston, Cro. Jac. 56 ; Underwood v. Swain, 1 Ch. R. 161 ; Hodgson v Rawson, 1 Ves. sen. 44, 47 ; Barnardiston v. Fane, 2 Vern. 366 ; Freke v. Lee, Pollexf. 553 ; Grimstone v. Bruce, 2 Vern. 594 ; Creckmere v. Patterson, 1 Leon. 174 ; Slaning's case, Popham, 102 ; Sawyer v. East, Lane, 78.
No one but the heir at law can make an entry, where an entry is necessary, to defeat an estate for breach of a condition in a devise. Newis v. Lark, Plowden, 412, 413 ; Mary Portington’s case, 10 Co. 41 b ; Avelyn v. Ward, 1 Ves. sen. 422, 423 ; Bro. Abr. tit. Conditions, pl. 43 ; Canal Co. v. Rail Road Co. 4 Gill & Johns. 1. If then the legatee in the text had not been an heir at law, the Court must have construed the condition in the devise a limitation, before they could have given her any advantage of it, as in Wellock v. Hammond, Cro. Eliz. 204 ; Wiseman v. Baldwin, 1 Roll. Abr. 411, K, pl. 5 ; Cro. Eliz. 377 ; Miles v. Leigh, 1 Atk. 573, 575 ; Curteis v. Wolverston, Cro. Jac 56 ; Haynsworth v. Pretty, Cro. Eliz. 833 ; 2 Dane’s Abr. 255, Ram on Assets &c., 103 et seq. (No. 22, Law Libr. 70, 71), and carried the intent of the devisor into effect. Newis v. Lark, Plowden, 412,413.
Where the forfeiture of the estate by the devisee is the effect of accident, and the injury done by the breach can be compensated, if the heir enters upon the devisee for condition broken, courts of equity will interfere and put the devisee in possession of the estate again, on payment of the debt, legacy or other charge with the interest and costs. Underwood v. Swain, 1 Ch. R. 161 ; Barnardiston v. Fane, 2 Vern. 366 ; Popham v. Bamfield, 1 Vern. 79 ; 1 Eq. Ca. Abr. 106, 107, 108, 109 ; Wheeler v. Walker, 2 Connect. R. 229 ; Livingston v. Tompkins, 4 Johns. Ch. R. 431 ; Northcote v. Duke, Ambler, 513, 514 ; 1 Madd. Ch. Pr. (1st edit.) 36, 37 ; Rolfe v. Harris, in note to 2 Price, 200; Powell on Devises, (by Jarman,) 195, n. 7.
Wherever the condition in a devise is construed by the courts strictly as such, the heir must make an actual entry in order to avoid the estate of the devisee after condition broken. Newis v. Lark, Plowden, 413.
But where the condition in a devise is held a limitation of the estate, the estate ceases in the devisee, as soon as the breach is committed, and he who is next entitled to it is regarded as having an estate in possession without entry. If an entry were necessary, the heir alone could make it. But as no *662 entry is required, the possession, which passes without entry, can go as well to another, as to the heir. Anon. 2 Mod. 7 ; Newis v. Lark, ubi supra ; Wellock v. Hammond, Cro. Eliz. 204 ; Mary Portington’s case, 10 Co. 40 b.
Against the effects of a breach in cases of limitation of the estate, equity can in general furnish no relief. Simpson v. Vickers, 14 Ves. 341 ; Cage v. Russell, 2 Ventr. 352 ; Cleaver v. Spurling, 2 P. Wms. 528 ; 1 Powell on Dev (by Jarman,) 196, n. (7). See Frost v. Butler, 7 Greenl. 225.
Where an estate is devised on condition to pay legacies, will the condition be broken without a demand made for the legacies ? If the condition is contained in the same instrument under which the devisee holds, it seems from the following authorities, that no demand would be necessary. Wheeler v. Walker, 2 Connect. R. 196 ; Wellock v. Hammond, Cro. Eliz. 204 ; Ward v. Downing, Popham, 10 ; Randall v. Eeley, Carter, 170, per Sir O. Bridgman See also Frances's case, 8 Co. 89 b ; Mallory’s case, 5 Co. 111 b ; Fry v. Porter, 1 Mod. 86 ; Corbett's case, 4 Co. 82.