Wilde J.
delivered the opinion of the Court. We think there can be no doubt, on the facts agreed, that this action is well maintained. The question is, whether there has been any breach of the condition of the bond. The condition is, that the executor shall pay debts and legacies ; and it is admitted that in the month of July 1829, Elizabeth Stetson demanded of the executor the legacy bequeathed to her, and that he refused compliance, averring his inability. That the provision in the will of Stetson the father, in favor of Elizabeth, amounts to a legacy, is clearly maintained by the cases of Farwell v. Jacobs, 4 Mass. R. 634, and Baker v. Dodge, 2 Pick. 619 ; if indeed any authority can be required to maintain a position *377 so manifest.[1] The provision contained a disposition of personal property, and the executor’s refusal to comply with this part of the provision, was a breach of the condition of his . bond.
The non-compliance with a previous demand made in 1822, did not amount to a breach, because Elizabeth Stetson did not then occupy the house provided for her in the will ; and the provision for supplying her with wood, &c. was clearly intend ed to depend on the implied condition of her residence in the house. It was a provision for her own personal accommodation, and not for that of any other tenant.[2]
It has been argued, that an action cannot be maintained against the surety, without showing a demand on him. But from the nature of the surety’s undertaking, no demand on him was necessary. He undertook to be responsible for the performance of the condition by the principal. The legacy was therefore properly demanded of the principal. His refusal was a breach of the condition, and no further demand was re quired.

Defendant defaulted.

 See Currier v. Earl, 13, Maine R. (1 Shepley,) 222, 223; Cracker v. Crocker, 11 Pick. 252.

 See Lord v. Lord, 3 Fairfield, 93.