Shaw C. J.
delivered the opinion of the Court. From the agreement of the parties it appears, that the defendants’ testator by his will gave to the plaintiff the use of a sum of money ($ 300) for her life, with remainder to one of her sons, and after divers other bequests gave as follows.
“ In addition to the foregoing bequest made to my brother Timothy Crocker, and the widow Hannah Crocker, I give and bequeath to them a handsome support during their natural lives, to be furnished by my executors hereafter named and the expenses thereof to be paid out of my estate by my said executors.”
The defendant's were made residuary legatees and executors, and a considerable real and personal property came to their hands, more than sufficient to pay all the debts and legacies.
A demand having been made as hereafter stated, and as the plaintiff insists, not complied with, this action is brought to recover the amount, as an annuity or legacy under the will.
It having been provided by the early statutes of the colony and province of Massachusetts, that a suit at law might be maintained for a legacy, it has been held, that a direction by a testator to his executor, to provide support and maintenance for any person, as to the remedy, is a legacy, and that the duty of providing it, like the duty of paying other legacies, is charged upon the executor in his official capacity, and as such, devolves upon an administrator de bonis non with the will annexed. Farwell v. Jacobs, 4 Mass. R. 634. This is an authority in support of the general principle, upon which this action proceeds ; though it is obvious to remark, that the words in this will do not constitute a direction merely, but are words strictly appropriate to a gift or bequest.
*260 Several objections, however, are taken to the plaintiff’s right to recover.
1. It is contended that there is a latent ambiguity in this bequest, and that it is competent for the defendants to give parol evidence to explain it; and affidavits are filed provisionally, for the purpose of showing, if admissible, by the attesting witnesses to the will of William Crocker, that he did not intend by his will, that the defendants should be required to support the plaintiff, unless the provision made for her in the second clause in his will, and the other means that she possessed, should be insufficient for her support.
So far as parol evidence is offered to show the situation ana circumstances of the parties, at the time the will was made, with a view to showing the meaning and intent of the testator, in any particular clause, or in the whole will together, it is always admissible. But the Court are of opinion that the case does not fall within that rule. The object of the parol evidence here is, to show by the declarations of the testator, that he intended something different from what he has expressed by the terms used in his will; that what is expressed to be absolute, was intended to be conditional. The admission of parol evidence for this purpose, would be contrary to the well settled rule, that in the construction of a will, the intent must be ascertained by the will itself, and the circumstances under which it was made. It would not only be a violation of the very important rule of evidence and construction in relation to written instruments generally, but would be equally opposed to the plain provision of the statute, requiring all wills to be in writing. Mann v. Mann, 1 Johns. Ch. R. 231 ; Richards v. Dutch, 8 Mass. R. 506; Farrar v. Ayres, 5 Pick. 404. The last was a very strong case in support of the rule. It was manifest from the declarations of the testatrix, that it was her intention to give to the devisees an estate in fee. It was held, however, that by the terms of the will construed according to the established rules of law, it gave an estate for life only ; and that it was not admissible to rely upon other proof of the declared intent of the testatrix, to enlarge or vary the written terms of the will, or the legal inferences to be drawn from them.
*261 It may serve as an illustration of this rule, to consider what would be the effect, should a testator declare formally, in presence of witnesses, that it was his intent and meaning, that a provision in his will should have a particular effect. If the declared intent were conformable to the will, it would be nugatory and immaterial; but if it altered or controlled the provisions of the will, it would be to make the bequest by parol, and to substitute a verbal in place of a written will, contrary to the express provision of the statute.[1]
2. It is further contended, that, without reference to the parol proof of intention, the legal effect of the bequest as it stands, is conditional, and should be construed as the gift of a support, if the plaintiff should stand in need of it ; and therefore if she has the means of support, from any other source, she has no right to claim it under this will.
The leading object in the construction of all wills, is to ascertain the intent of the testator, as discovered in the will itself; and for the purpose of thus ascertaining the intent, it is proper to consider, first, the terms of the particular bequest construed according to their natural and obvious meaning, and conformably to established rules of law ; secondly, all other parts of the same will; and thirdly, the situation and circumstances of the testator, and the subject-matter of the bequest.
In the present case, the particular bequest was, a handsome support to the plaintiff during her natural life, in addition to a previous bequest, which was a gift of the income of $ 300 for her ■ life. She was a widow of a deceased brother, with a small provision for her under the will of her deceased husband. Under these circumstances, the Court are of opinion, that the bequest must be taken to be that of a reasonable and decent provision, for board, lodging, wearing apparel and accommodations suitable for a person of her age, sex and circumstances, and the condition of life to which she had been accustomed. We think it would be an unreasonable and constrained construction of this bequest, to consider it as a provision for mere absolute necessaries, and to take effect only in the contingency of her being reduced to *262 pauperism. We think therefore that it is no legal answer to this claim, that the plaintiff was of ability to support herself, by her labor or otherwise, or that she had some other means of subsistence. It is plain, that the testator intended that she should have the support in addition to the income of $ 300 before given her. It could not therefore have been contemplated by him, that she should first be deprived of all other means of subsistence, before she could be entitled to claim any thing under this bequest.[1]
Nor is it any answer, that at the time of making her demand end of bringing this action, she held an obligation from her son, that he would support and maintain her. If she had a legal claim upon two different persons for a support, she had a right at least to make her election which she would look to ; and the making of a demand and bringing this action, is evidence of her election.
3. Another and the last ground of defence is, that the defendants have not refused to comply with a demand for such support as she by the will is entitled to claim.
It appears that to the first demand for support made by her agent, she then residing at Le Roy in the state of New York, the defendants, in answer, refused to pay any money, denied their liability to furnish her a support at Lé Roy, hut said, if she stood in need of support, and would come and reside with them, they would furnish it, and if she was poor and unable to come, they would send for her. They also denied their liability to support her, because she did not stand in need, and had a provision made for her support by the will of Simeon Crock-er, her deceased husband. The answer to the second demand was substantially the same, offering to support her at West Stockbridge, and if she was poof and unable to come, offering to bring her.
The effect of this demand and refusal, again, depends upon the construction of the will, upon what she had a right to require, and upon what they were bound to do.
Some of the grounds of their refusal we have already considered. The first was, that she did not stand in need of sup *263 port; that is, as they construe their obligation, she was not destitute of all other means of support, and therefore they were not liable. This, for the reasons already stated, was not the true construction of the will, and there was no such implied condition. Another reason was, that she had a provision for her support, in the will of her deceased husband. It appears that her husband owned a small farm in Colchester in Connecticut, valued at $ 1200, of which he gave her the improvement of one half for life. This was not given specifically for support; it does not appear whether it was sufficient; and besides, if we are right in the construction of the will, these partial means did not deprive her of the right of claiming a support under this will. Further, Simeon, the plaintiff’s deceased husband, died before William the testator ; and yet the latter, with the knowledge of the plaintiff’s provision under the will of her husband, gave her a handsome support out of his estate, without any condition, express or implied, that the means derived from the bequest of her husband should first be exhausted.
But the most material question in this part of the case is, whether the executors discharged their whole duty to the plaintiff under this will, by offering to furnish her with board and subsistence, in their own families at West Stockbridge and nowhere else ; or in other words, was the plaintiff bound to go into the family of one of the executors to receive lodging and subsistence, or lose the benefit of the provision for her support. We think not.
At the time this will was made, she was residing at a great distance from West Stockbridge, with her son, at a place which was then, and for a long time had been her home and that of her family. There is nothing in the terms of the will, and we think nothing in the circumstances of the case, indicating an intent of the testator, that the plaintiff, to avail herself of his bounty, was necessarily to leave her children and friends and go into the family of one of his executors. But by a handsome support, we think, it was intended that she should be furnished with decent maintenance among her children and friends in the manner and style in which she had been accustomed to live. When the will says the subsistence is to be *264 furnished by the executors, it would be a strained construction to hold that this means that they are personally to furnish the specific food and lodging ; the intent is that they áre to furnish the means of subsistence. This is confirmed by the next expression, “the expenses whereof to be paid out of my estate by my said executors.” Whereas if they were to furnish the specific subsistence, there would be no expenses thereof, to be paid by them. On the whole, therefore, the denial of the plaintiff’s right by the defendants, and their qualified offer to provide subsistence for her, in their own families, if she was poor and needed it (which also they denied) and not otherwise, was a refusal to comply with the plaintiff’s just demand, and she is entitled in this action to recover a reasonable compensation in damages, for the value of the support thus withheld. Damages.will be assessed, according to the agreement of the parties.

 See Barrett v. Wright, 13 Pick. 45.

 See Sheldon v. Purple, 15 Pick. 528.