Wonson
*v.*
Sayward.

## MARY LEONARD RICHARDS *versus* ORLANDO B. MERRILL.

A testator devised certain personal property to his wife (which under the circumstances of his estate was a small provision for her) on condition that she should relinquish her dower and also should " educate and bring up M. L. R. (a granddaughter of the testator and of a former wife,) until she should arrive at the age of eighteen years or be married." The granddaughter lost both parents before she was two years of age, and she was thereupon taken into the family of the testator and educated and maintained by him like a daughter. The wife died a few days after the testator and during the minority of the granddaughter. The testator also devised real and personal property to the granddaughter sufficient to maintain her during her minority, and which might be applied to that purpose. It was *held*, that by the terms of the will, the obligation imposed on the testator's widow was one of parental personal care towards the granddaughter,.which died with the widow, and was not a charge on the legacy to her in the hands of her administrator; and that all the circumstances of the case strengthened this construction.

THIS was a bill in equity instituted by the plaintiff by her guardian, to obtain from the estate of Mary Smith, under the administration of the defendant, a maintenance until she should arrive at the age of eighteen years, or be married.

The bill sets forth the following facts.

Josiah Smith, in September 1826, made his last will, containing these provisions : — " I give to my wife Mary Smith twenty-five shares in the Newburyport Bank and half of all the money which I may have in my house at my decease, together with all my family stores at that time on hand. I also give her the use of my household furniture during her natural life, excepting such part thereof as is otherwise disposed of in this will. I also give her my pew during her life ; the foregoing bequests being subject to the following conditions, viz. that my said wife shall relinquish all her right to dower in my estate, and provided also that she educates and brings up my granddaughter Mary Leonard Richards until she arrives at the age of eighteen years or is married,

as the case may be.  And at the decease of my said wife, I give all the furniture above given to her use for life, to my granddaughter Mary L. Richards and her heirs.  And it is my will also, that she have all the family stores which my said wife may leave at her decease."

" I give to my four granddaughters, Mary L. Richards, &c., to each one and their heirs and assigns respectively, one fourth part of all the real estate which I may be possessed of in my own right at the time of my decease, my said granddaughters to come into possession of their respective proportions of the same as they shall severally attain the age of eighteen years, or be married, as the case may be.  And at the decease of my said wife, the pew above given to her use shall go in equal shares to my said four granddaughters.  And it is also my will, that whatever money my said wife may have in her possession at the time of her decease, may be equally divided between my said granddaughters and their respective heirs, excepting from the above bequest the pew hereinafter given to Moses Emery."

" I give to my said granddaughter Mary L. Richards when she shall arrive at the age of eighteen years or be married, five shares in the Newburyport Bank.  I also give her my gold snuff box, silver tea pot, gold buttons, and one eighth part of all the money I may leave in my house, at the time of my decease.  The property herein given to my granddaughter Mary L. Richards to be taken care of and managed for her benefit, during her minority or until she shall be married, by my executor."

" I give to my son in law Moses Emery the care and management of all the real and personal estate which I have above given to my four granddaughters, until they shall severally arrive to the age of eighteen years or be married ; and in case either or all of them decease before these events happen, their several shares to go to their respective heirs."

The testator appointed Moses Emery his executor.

The testator died September 9, 1828, and his will was proved the same month.  His wife died on the 16th of the same September, intestate, and the defendant took out letters of administration on her estate.  On the 6th of January

1831 the defendant received of Emery, the executor, the sum of $ 2100, being the value of the bequest to the testator's wife.

At the time of making the will, the testator had no child living, but had the four granddaughters named in the will. He married his wife Mary in 1804. She was his second wife, and by her he had no issue.

The plaintiff was born in June 1816. Her mother died in October 1816, and her father, in July 1817, intestate. Her distributive share of her father's estate was $ 155·17. She also inherited from her mother real estate appraised at $ 333, and yielding an income of about $ 10 per annum. The testator took her into his family, on the death of her father, and she continued to live with him and was supported by him in the character of a daughter, until his decease ; and from that time until the death of his wife, she was supported by his wife.

After the death of the wife, the furniture mentioned in the will was sold, and the proceeds, being $ 684·41, are now held by the executor for the benefit of the plaintiff. One eighth of the cash on hand was $ 63, and the value of the real estate devised to the plaintiff was $ 675.

When the testator married his wife Mary, she was possessed of personal property of the value of about $ 2800 and of a life estate in real property of the value of $ 320 *per annum.*

In the inventory of the testator's property his real estate was valued at $ 2770, and his personal estate, at $ 4561·44.

Daniel Richards was appointed guardian of the plaintiff in 1817, and in March 1831 he settled his guardianship account at the probate court, having charged himself with $ 155·17, the distributive share of the plaintiff, $ 75·98, interest on the same, and $ 24·21, rent of real estate, making $ 255·36. He was credited with $ 343·62, as the expense of educating and maintaining the plaintiff after the decease of Mary Smith. At the same time William Davis junior was appointed guardian in the place of Daniel Richards, and he immediately made a demand on the defendant for the above amount credited in the account of the former guardian, and

for the future education and maintenance of the plaintiff; with which demand the defendant refused to comply.

The defendant demurred to the plaintiff's bill.

*Moseley,* for the plaintiff, cited *Farwell* v. *Jacobs,* 4 Mass. R. 634 ; *Baker* v. *Dodge,* 2 Pick. 619 ; *Hills* v. *Wirley,* 2 Atk. 605 ; *Pushman* v. *Filliter,* 3 Ves. 7.

*Crosby,* in support of the demurrer, cited *Merrill* v. *Emery,* 10 Pick. 507 ; *Cole* v. *Wade,* 16 Ves. 27 ; *Malim* v. *Keighley,* 2 Ves. jun. 333 ; Jeremy on Equity Jurisd. 31, 53, 63.

SHAW C. J. drew up the opinion of the Court. The bill proceeds upon the ground, that the condition contained in the bequest to Mary Smith, that she should educate and bring up the plaintiff, was a provision for the plaintiff's subsistence in nature of a legacy ; that Mary Smith, by accepting the bequest, became bound by the condition ; and that the duty thereby created was not a personal obligation which terminated with her life, but constituted a charge upon her estate, which has devolved as a debt upon her personal representative.

There is no doubt that the direction to support and maintain a person by a testator, is construed to be a legacy, being a gift of general subsistence, which is capable of being rendered reasonably certain, and which may be supplied and afforded by any person having funds to do it with. It is in effect a pecuniary legacy, uncertain in amount, and rendered sufficiently certain by the circumstances. *Farwell* v. *Jacobs,* 4 Mass. R. 634 ; *Baker* v. *Dodge,* 2 Pick. 619. Such a direction or bequest of support and subsistence, involves no personal trust or confidence, and may be executed by any one having the administration of the testator's estate, or taking the fund upon which it is charged.

Were the direction in the will in favor of the plaintiff, of this character, we should have entertained no doubt of the plaintiff's right to recover. But we think the words in this will, to " educate and bring up the plaintiff," in the circumstances in which the parties were placed towards each other, were a personal confidence, that the obligation which they imposed upon the testator's widow, the defendant's intestate, was of parental personal care towards the plaintiff, which died with

her. The plaintiff was an orphan, having lost both parents in infancy ; she had been taken by her grandfather into his family, and we think the intent was, that so long as his widow lived, she should stand, as he had done, towards the plaintiff, *in loco parentis.*

But if the words were more doubtful, and we were to look into the circumstances of the estate and all the other parts of the will, we think the inquiry would lead to the same result. Considering the smallness of the provision made for the widow, under all the circumstances of the estate, it is not to be presumed, unless words were used, clearly expressing that intent, that it was intended to make the support and subsistence of the plaintiff a charge upon that fund, after the decease of the widow.

It has been strongly urged in behalf of the plaintiff, that all the other bequests in the will in favor of Mary L. Richards, the plaintiff, were so given that they were not to take effect in possession, till she should arrive at eighteen years of age or be married, and in the mean time, upon the defendant's construction, she would be left without means of subsistence ; which could not have been intended by her grandfather.

If the will required this construction, there would be considerable force in the argument against such an intent. But we think such is not the true construction of the will.

The testator gives the whole residue of his property, real and personal, to his four granddaughters, of whom Mary, the plaintiff, was one. In a subsequent clause, he gives to his executor the care and management of the real and personal estate before given to the four granddaughters, till they shall severally arrive at the age of eighteen years or be married, and they were not to come into possession till that period arrived. If this embraced all the property given to the plaintiff, it would afford a foundation for the argument. But we think that this direction applies only to the residuary real and personal property given to the four.

But there are other bequests to the plaintiff. The testator gave his wife certain furniture for her life, and after her decease to the plaintiff. There seems to be nothing to pre-

vent this property, amounting to $ 689, from vesting in possession in the plaintiff, immediately on the death of the widow ; and from that period it might be applied to her support and maintenance. He also, by a separate clause, gives her five bank shares, and certain other personal property, and then adds this direction, " the property herein given to my granddaughter Mary L. Richards, to be taken care of and managed for her benefit during her minority or until she shall be married, by my executor." There is nothing in the relative position of this clause in the will to render it probable, that it was intended to apply to the reversionary interest in the furniture given to the plaintiff. But if it did, it would not prevent the property from vesting in the plaintiff in possession, immediately after the death of the widow ; but only be adding the authority of a guardian to that of executor. Under this authority and consistently with the duty of taking care of and managing the same for the benefit of the plaintiff, it would be his duty to apply the income, and if need be, the principal of this property, to the necessary support, maintenance and education of the plaintiff during her minority.

The plaintiff therefore was not left, upon the death of the widow, without means of support ; and there is therefore nothing in this argument to show that the testator must necessarily have intended by the words used, to throw the charge of the support and maintenance of the plaintiff upon the legacy given to his wife, after her decease, or to control what otherwise appears to have been the plain intent of the testator, to devolve upon his wife the personal and parental care of his orphan granddaughter, during her life.

*Bill dismissed.*