Mr. Chief Justice Shajucey
delivered the opinion of the court.
This action was brought in the circuit court of Wilkinson county, on an administration bond in favor of the judge of probate, for the use of David Davis, administrator de bonis non, against the defendant, whose testator was the original administrator of Hunter. Three breaches are assigned. First, that the administrator did not make an inventory as required by law; secondly, that he did not administer according to law, in selling property without taking good security; and, thirdly, that a large sum of money was found due on account, and he did not pay it over.
It is alleged in this breach, that the money was “ the goods and chattels and credits of the said Henry Hunter.” To the declaration the defendant demurred, and assigned for causes, First, that the administrator de bonis non cannot avail himself of the breaches assigned; secondly, that the breach does not allege that the cotton uninventoried was the goods and chattels of Hunter; thirdly, it is not alleged that any property of Hunter remained unadministered in the hands of the first administrator. The point that is principally relied on in argument by the defendant’s counsel, is, that an administrator de bonis non cannot sue his predecessor except for property remaining in specie unadmin-istered, and it will only be necessary to decide this point.
The law requires of every executor and administrator bond and security for the faithful performance of his duty. The bond is intended as an indemnity to those interested in the estate, either as legatees, distributees, or creditors, and for none others. Every person thus interested in the estate may have the bond put in suit, and his recovery is according to the injury received. He cannot recover without showing his interest and the extent of it. The right of action on the bond is given by statute, and any person suing on it must bring himself within the privilege given by the statute. The administrator de bonis non can have no such interest. His duty only extends to effects left unadminis-tered, and his interest is in them alone. Toller on Executors, *93 243-9; Cowen’s Rep. 329; 4 Mass. Rep. 634. And so long as property remains in kind he can control it, but he can effect no recovery for mal-administration. He is a mere trustee, and only chargeable so far as he receives assets, and by the 59th section of the orphans’ court law, his bond is only required to extend to goods not already administered. He, therefore, can sustain no damage in consequence of former mal-administration.
■ The 85th section gives the administrator de bonis non a right to demand the property of the deceased, in the hands of a former administrator, and in case of refusal to deliver it up, authorises a suit on the bond. It may be questionable whether a demand is not essentially necessary under this section, and if so, it should be averred in the breach, but it is certainly clear that it only refers to the specific property of the deceased, in the hands of the former administrator, and the breach should correspond with the extent of the remedy.
The administrator de bonis non could have no right of action in the first breach assigned, to wit, that the administrator did not make and return a true inventory of fifteen bales of cotton. If that be true, it was an act of mal-administration, that must have happened before the second administration, and no right of action accrued at the time to the plaintiff; but the legatees, distributees, and creditors, who alone could be injured by it, are provided with an ample remedy. No such remedy is given to the administrator by statute, and it is believed that his remedy is confined to cases mentioned in the statute as against his predecessor. .
The second breach, that the administrator sold property without taking security, is equally beyond the reach of the administrator de bonis non, vesting, it is true, a right of action in those interested and injured.
The third breach the plaintiff’s counsel relies on as sufficient, but it is defective in not showing that the money alleged to be due was"the specific and identical property of the deceased, remaining unadministered, and not the result of the former administration. This would be necessary according to the principles laid down, even if money can he such.a property, without further description, as is contemplated by the statute, which is questionable. Some identity must be given to it, some description used, *94 of some separate and distinct character. The general terms used in the breach might be equally applicable and true in regard to all money, whether the proceeds of the administration, or whether it remained on hand at the death of the intestate, it would still be the money of the intestate, or to use the language of the breach, “ the goods, chattels, and credits” of the deceased. Money is a general term given to circulating medium, and yet there are many kinds of it, and the representatives of it, which all come within the general term. If the administrator de bonis non had brought an action of detinue by this general description, he could not have located his claim- on any particular parcel of money in preference to another.
The breach, however, does not stop at the averment, that the money was of the property of the deceased, but avers that it was found remaining on the account of the administrator. The law knows but two kinds of administrator’s accounts, the one annual, the other final; o,n one of these accounts the balance must have been found, and it is their peculiar property to show all moneys received and expended by the administrator, supported by vouchers, and to exhibit true balances. The inventory is the proper place for the goods and chattels and money which came to the hands of the administrator.
If, then, this amount of money appeared against the administrator on his account, the legatees, distributees, and creditors might sue for, and recover it, but not the administrator de bonis non. The law abhors a multiplicity of actions, and to give the second, administrator recourse to the first, and then compel those entitled to the assets to resort to him, would be a useless prolixity. If the administrator de bonis non can sustain this action for money on account, he may with equal propriety recover from his predecessor every balance that the accounts exhibit — a remedy not contemplated by the law, because it is expressly vested in other hands. The demurrer was properly sustained.
The judgment of the court below must be affirmed.