JAMES H. MAYALL, *Petitioner, appellant from a decree of the Judge of Probate.*

Where a testator provided in his will that any of his children, after they should come of age, should have the privilege of continuing at home in pursuit of the common business of the family, and to receive as a compensation for their labor, at the rate of $130 a year, for the boys, and 75 cents per week for the girls; *it seems,* that the services rendered were conditions upon which they should receive said sums, and that they were legacies, which might be recovered in an action at law against the executor.

And that such legacies might accumulate until the division of the estate fixed by another clause in the will.

But where the judge of probate refuses to grant a petition to sell real estate, to pay the *debts* of the testator and charges of administration, and dismisses the petition, and an appeal is taken to this Court; and there is no exhibition in the decree, nor in the reasons for the appeal, of the evidence presented to the judge of probate, nor does it appear, that there was satisfactory proof that the services had been performed, for which the claim was made; nor that the personal property was inadequate to meet what was required, the decree of the judge of probate must be affirmed.

AN appeal from a decree of the judge of probate for Cumberland county, refusing to grant a license to sell the real estate of the testator, to the amount of $7500.  The facts appear in the opinion of the Court.

WELLS, J.— This case comes before us by an appeal from the judge of probate, upon his refusal to grant the prayer of the petition.

But the grounds upon which the decree was made, are not

stated. The decree states, that "on a hearing of this petition and the evidence adduced, the prayer of said petition is not granted, and the petition dismissed."

There is no exhibition in the decree, nor in the reasons for the appeal from it, of the evidence, presented to the judge of probate.

It does not appear, that there was satisfactory proof, that the services had been rendered, as required by the bill, nor the amount of them, nor that the personal property was inadequate to meet what was required, and an absolute necessity for a sale of the real estate. We cannot therefore say, that the decree is erroneous, and it must be affirmed.

But presuming the question, between the parties, to have arisen from the construction of the will, we have concluded to examine it, and to express our opinion in relation to it.

Such a course may facilitate an amicable arrangement, and supersede the necessity of renewed action, in the probate court.

The will of Samuel Mayall was approved in January, 1832. The executors under the will having ceased to act, the petitioner was appointed in February, 1846, administrator *de bonis non, cum testamento annexo.* He asks for license to sell real estate, for the purpose of discharging obligations created by the will. The first clause in the will, gives to the widow and minor children "the use, control and benefit" of both the real and personal property, until the youngest son, if he lives to the time, shall become twenty-one years of age, "which will be on the twenty-sixth day of March, 1845."

The second clause is as follows: — "Secondly, I will that on the twenty-sixth day of March, 1845, my wife Anna shall, if she so chooses, take, to her own exclusive use and control, her dower in said property, and that the remainder of said property shall be then distributed, in equal parts among my children, as follows," &c.

The third clause provides for a deduction, from the share of any minor child, who shall neglect to aid and assist in "the prosecution of the business at home" by absence and withdrawal

of their services, at the rate of one hundred dollars for each year, " when the dividend shall be made."

The fourth clause provides, that any of the children, after they shall have become of age, shall have the privilege of continuing at home, in pursuit of the common business of the family, and to receive as a compensation for their labor, at the rate of one hundred and thirty dollars per year, for the boys, and seventy-five cents per week, for the girls, subject to be discharged from such labor, when a majority of the family shall so determine.

The petition alleges, there is due to the heirs, arising from their services, under the fourth clause of the will, $7500. And the reason, for the appeal, is confined to the refusal, to grant a license for a sale of real estate, to pay for such services.

Judges of probate have power to license the sale of real estate for the payment of just debts and legacies and incidental expenses of sale, when such sale is necessary. Chap. 112, § 1 and 2, R. S.

The services of the adult children can not be denominated a debt. The testator could not contract a debt after his decease. But he has the right to make such disposition of his property, not forbidden by law, as he might think proper. He can attach conditions to his bequests, more or less onerous, and prescribe the terms, upon which any one shall enjoy his bounty. He has the most perfect right to give an annuity of $130, to any of his children, and if personal services are required, as a condition of such gift, it is thereby only rendered the less valuable. The title to the gift is perfected by the performance of the condition.

In the case of *Farwell* v. *Jacobs,* 4 Mass. 634, it appears, that the testator directed the executor to support in sickness and in health, the testator's father. The Court decided that an action was maintainable by the testator's father to recover damages, and that the direction, in the will, must be considered, as to the remedy, as a legacy.

The performance of labor, required in the present case,

makes the claim, to the benefit of the direction, more meritorious.

It results from the authority of the case cited, that those children, who have performed labor, as required, in the will, could maintain an action against the executor or the administrator *de bonis non*, to recover the sum directed to be paid to them. And upon a failure of assets, derived from personal property, a resort must be had to the real estate, to supply the deficiency.

The ordinary limitation of suits against executors does not bar the recovery of a legacy. R. S. c. 120, § 31.

But what length of time did the testator intend to embrace, in the fourth clause ? He must have contemplated some period when it should terminate, although his intention in this respect, is not clearly expressed. From the whole will, we can gather a disposition, on the part of the testator, to make an equal distribution of his property. And as his children, who were of age, had probably labored with him, during their minority, he was desirous that the minor children should also labor in like manner, until they should become of age. In the meantime, those, who were of age, were entitled to compensation for their services. Thus each one was to receive a share of the estate, equal to the service rendered.

The use of the property, mentioned in the first clause, was to cease, when his son Ebry arrived at the age of twenty-one years, and the testator says in his will, that he will be of that age, March 26, 1845. It does not appear but that Ebry is still living, except it is said, on the back of the petition, that all the heirs concur with the petitioner, in his request, and the name of Ebry is not among them. The widow's name is signed in concurrence with the heirs.

The second clause is imperative in its terms, that on the twenty-sixth day of March, 1845, his wife shall, if she chooses, take to her own exclusive use and control, her dower, and the remainder of the property shall be then distributed among the children. No mention is made in this clause of Ebry, nor of any earlier division in case of his death. The first clause re-

lates to the use of the estate by the wife and children, the second to the period of division. But if Ebry had died before he was of age, the time of division being absolutely and positively fixed, in the second clause, must be understood to be the time, intended by the testator.

The wife, if she pleased, could have relinquished her dower to her children, or she could take it to her own use; in either event, the estate could be divided. The testator could not have intended, that his children should labor on the homestead, under the provisions of the will, during their lives. And they could do so no longer, after a division of the estate.

No more suitable time, ascertained from the will, can be discovered for the termination of the services of the children, for which they were to receive the testator's bounty, than that fixed for the division of the estate, by the testator, in the second clause of the will.

The conclusion, to which we arrive, is, that the petitioner is under legal obligation to pay the sums directed to be paid, by the will, to the children, who have performed the required service, but that nothing is to be allowed after the twenty-sixth day of March, 1845.

If the widow and heirs have agreed upon the several sums, to be paid to the children, as they are the owners of the whole estate, they can make such division of it, as they may deem equitable, and can sell the same, without a license.

*The decree of the judge of probate is affirmed.*

Whitman, C. J. — The application to the judge was for liberty to sell for the payment of debts; not for the payment of legacies. The opinion concludes that the claim set up by the heirs, was not a debt. It does not appear why the judge decreed against the prayer of the petitioner. It may have been for that cause. But if the application were for the payment of legacies, has the amount of such legacies been ascertained? If not, how could the judge be expected to grant license to sell, understandingly? Is not the provision in the will, as to those of age, who might remain in the family, too

vague to be carried into execution? When the testator has fixed no time when such continuance in the family shall cease, excepting a vote of its members, what right have we to determine on any particular time for the purpose? Again, the opinion does not seem to me to be correct in saying, that the provision is absolute for a division of the estate in 1845. It was optional with the widow to take her thirds, and it is the residue only, after she shall have done so, that is divisible at that time. If she took no thirds, there would be no residue to divide. Again, in 1845 all the children must have become of age; and all but Ebry must have become entitled to years of earnings before that time. Yet the will is positive, that if the widow took her share in 1845, each heir should have one share of the estate. How is this consistent with a legacy to each of the heirs for services to that time, amounting to different sums, and in the whole equal, it may be, and probably would be, to the whole estate. In short, the will is so vague and inconsistent in its provisions as, to my apprehension, to render them nugatory, and I do not see how a probate court could act understandingly in granting liberty to sell any part of the estate for the payment of either debts or legacies.

*T. A. Deblois,* for petitioner.