JAMES V. HENRY *vs.* LEONARD BARRETT.

If a devise of real and personal estate is made upon the following condition, to wit: " My
mother is to have her support on my estate to the amount of forty dollars a year, if she
chooses to remain on my estate, and if she chooses to go away she is to be paid the sum of
forty dollars a year during her natural life," and she goes away, her claim for the annuity
is upon the devisee, and not upon the executor of the testator.

CONTRACT brought by the executor of the will of Sarah B.
McMaster against the executor of the will of Luther McMaster,
to recover the amount of an annuity for three years, given to
her in the will of the latter. The material portions of the will
of Luther McMaster were as follows : " After the payment of
my said debts and funeral expenses, I give to my wife, Eliza
McMaster, one half of all my estate, both real and personal, and
the remaining half to my son, Malin K. McMaster; and the
above two legacies are upon the following conditions, viz : My
mother, Sarah B. McMaster, is to have her support on my
estate to the amount of forty dollars a year, if she chooses to
remain on my estate, and if she chooses to go away, she is to be
paid the sum of forty dollars a year during her natural life."

It was agreed, in the superior court, that said Sarah left the
estate before April 1855, and that the testator's widow, who had
g ine into possession thereof, paid to her the annuity up to that
time, and offered to do so afterwards, but said Sarah declined
to receive the amount, saying that if she needed further pay-
ment of it she would call for it. She never called for further
payments, and died in May 1858, and this action was brought
to recover the annuity for the last three years of her life.

Upon these facts, judgment was rendered in the superior
court for the defendant, and the plaintiff appealed to this court.

*N. T. Leonard,* for the plaintiff.

*J. G. Allen,* for the defendant.

DEWEY, J. The question here raised is, whether the provis-
ion made in the will of Luther McMaster for the support of his
mother, Sarah B. McMaster, is to be treated as a legacy for

which the executor is to be held chargeable, or a charge or lia-
bility upon the devisees, to whom all the residue of the estate
was given.

Such provision for support and maintenance, where the direc-
tion in the will has been express that the executor was to fur-
nish the support, has been held by this court to be a legacy, for
which the executor was liable to an action at law, in case of
neglect to furnish it. Such were the cases of *Farwell* v. *Jacobs*,
4 Mass. 634, and *Crocker* v. *Crocker*, 11 Pick. 252. The case
of *Baker* v. *Dodge*, 2 Pick. 619, is supposed to have gone fur-
ther, and to have held such provision for support a legacy
chargeable upon the executor, where there was no direct provis-
ion for payment by him. That case was a peculiar one, and
differs as well from the cases we have referred to as from the
case we have before us. There the same person, John Baker,
was made the residuary devisee, " on condition that he should
support one Sarah Baker during her life," who was also the
executor of the will. Under this state of facts, the court held
that the legatee might maintain an action against the adminis-
trator *de bonis non* of the testator, although she might have
another remedy by entry for non-performance of condition. It
is true that the negligence or default in not supporting the lega-
tee was the negligence of John Baker and nobody else, during
his lifetime, and he was the person to be charged, whether it was
treated as a legacy chargeable upon the executor or as a legacy
chargeable upon the devisee ; and the reasoning of the court
leading to the result to which they came indicates their view
to have been that it was quite immaterial upon which ground
the payment of the legacy was to be enforced. But, on review-
ing the case, it would seem that this double liability, however it
might apply to the case of an action against John Baker him-
self, could not authorize the maintaining of an action therefor
against the administrator *de bonis non*, a third person, who was
not residuary legatee, and could not be held chargeable upon
any other ground than that the provision was a legacy devolv-
ing upon an executor to pay. It may perhaps be question-
able whether this double liability which attached to Baker to

answer in either capacity, would authorize an action against the administrator *de bonis non*. The real question in that case seems to have been whether the estate devised to Baker was chargeable in any form, the defendants contending that it was a mere personal charge on Baker.

In *Swasey* v. *Little*, 7 Pick. 296, a provision in the will for the wife of the testator, to be paid by his heirs, and charging the estates bequeathed with its payment, was held to authorize an action against those holding the land for the payment of the legacy. The case of *Ewer* v. *Jones*, 2 Ld. Raym. 937, where it was held that a devisee might maintain an action at common law against a terre-tenant for a legacy devised out of the land, is cited with approbation. The court also held that *St.* 1783, *c.* 24, authorizing the action at common law for legacies, author· izes as well suits against devisees charged with a legacy, as against the executors. But no question was raised here as to the liability of the executor also, if the party had elected to proceed against him.

In the case of *Sheldon* v. *Purple*, 15 Pick. 528, the testator directed that his daughter should be supported out of his estate, and his son was made residuary devisee and executor, and gave bonds to pay debts and legacies. It was held that this provision was a charge upon the real estate, in case of a deficiency of personal estate, and those holding the same were charged in an action of assumpsit. The court held, however, that it was a cumulative remedy, and that the plaintiff might resort to the land or to the bond at her election.

In *Taft* v. *Morse*, 4 Met. 523, it was held that the devise was a charge on the land, and might be recovered by an action at law against the devisees or terre-tenants or by a bill in equity. But no question as to the liability of executors was raised.

The case of *Sherman* v. *Sherman*, 4 Allen, 392, was very similar in many respects, being the case of a condition annexed to legacies and bequests; and it was held that the trust property, devised with a condition for payment of certain legacies, was chargeable for the payment of the same; but in this case also no question arose whether any other liability existed.

The case of *Pool* v. *Pool*, decided by this court in 1797, reported in 1 Dane Ab. 576, is to the effect " that if an annuity be given to A., to be paid by the devisees in the will, the action must be brought against them and not against the executor."

We think the intent of the testator in the present case, looking at the entire provisions of the will, was to charge the support or annuity in favor of Sarah B. McMaster upon the land devised to his wife and his son, rather than to create a liability on the part of his executor to pay the same. The support to the amount of forty dollars a year was to be furnished on the estate, if she chose to remain there. It was only in case she chose to go away that she was to be paid forty dollars a year in cash.

The devisees, it is found, at once entered into possession of the estate devised, and took upon themselves the performance of the condition, and continued to pay the annuity until the legatee declined to receive further payments.

We think the construction given by these parties to this provision of the will, and carried into effect for so long a period, was in accordance with the intent of the testator. We are therefore of opinion that the present action cannot be maintained.                    *Judgment for the defendant.*