### JOHN M. PINKERTON *vs.* HORACE B. SARGENT.

A. devised an estate to B., who was the executor of the will, in trust for the support of his A.'s, insane wife, B. to apply to his own use all the income not needed for that purpose. After the death of A., C. was appointed guardian of the wife, and as such guardian undertook in her behalf to waive the provisions of the will, and commenced in her behalf suits adverse to the dispositions of the will, and, without demand upon the executor, himself furnished the support of the wife till the time of her death, when he was appointed administrator of her estate. In an action by C. against B., after demand for payment made upon B., to recover for such support, *held,* that the arrears of the bequest might be recovered in an action at law ; that the right to the bequest vested without demand ; that upon the death of the wife her administrator could maintain the action ; that the fact that she had been supported by her guardian was no defence ; that her support included the necessary expenses of the guardianship, and reasonable charges for the guardian's oversight and care ; that the guardian's account, settled in the probate court without notice to B., was inadmissible to determine the amount due ; that sums spent in legal proceedings adverse to the will were not spent for her support within the meaning of the will; and that, there being no deficiency in the devised estate, B., having entered into possession, was liable, although he had not qualified as trustee.

CONTRACT by the plaintiff, who was the administrator *de bonis non* of the estate of Sarah C. Sargent, the wife of Lucius M. Sargent, against the defendant, who was the executor of the will of Lucius M. Sargent.

Those portions of the will of Lucius M. Sargent which were material to this case were as follows: " I will, devise and bequeath all the rest and residue of my estate, real, personal and mixed, to my son, Horace Binney Sargent, to him and his heirs forever, in trust nevertheless . . . . Secondly, to pay for the support of my wife during her insanity. . . . . Fifthly, to apply to his the said Horace Sargent's own use and behoof all the income of my estate which may not be required for the due execution of the trusts hereinbefore declared."

The case was reported for the consideration of the full court, by *Ames,* J., upon the following facts found by him :

" This is an action of contract by John M. Pinkerton, as he is administrator of the goods and estate of Sarah C. Sargent, against Horace B. Sargent, as he is executor of the will of Lucius M. Sargent, late of Roxbury, deceased. Lucius M. Sargent died in June 1867. His last will was duly proved, approved and allowed by the court of probate holden on the 26th September 1867, and

said Horace B. was duly appointed executor thereof, without sureties, on his official bond. At the time of the decease of the testator, his widow, said Sarah C., was insane and an inmate of the McLean Asylum, where she had been placed by her husband some twenty years before. The said Horace B. was the only child of the testator by his first wife; the only child by his second wife, the said Sarah C., had died before him, leaving a widow and several children. At her husband's decease, the said Sarah C. had no property in her own right, and no prospect of any kind except such as she might hope to derive from the estate of her deceased mother; from such rights to dower in various valuable estates of which her husband had been seised and possessed during her coverture, which she had not released; and from the personal estate of her husband, in case she could and should waive the provisions made for her in his will.

" Upon the decease of the testator, the brother and sister of the said Sarah C. deemed it necessary, for her care and protection and for the protection of her legal rights and rights of property in her husband's estate, that a guardian should be appointed for her. Upon their petition the said Pinkerton was on the 17th of July 1867 duly appointed her guardian, and assumed the trust, and gave bonds for the faithful execution thereof. The said Horace had no notice or knowledge of this proceeding.

" The said Pinkerton, as such guardian, on behalf of said Sarah C., filed in said court of probate a paper writing purporting to be a waiver of the provisions made for her in said will; and also caused a like paper, signed by her, to be filed in said court within six months from the proof and allowance of said will. He also applied to the judge of said court for an allowance to the said Sarah C., as the widow of the testator; and an allowance of $2500 was ordered and decreed. The guardian, as the ground for an allowance, alleged that he had assumed the payment of her bills. From this decree the executor appealed.

" Said Pinkerton, as guardian of said Sarah C., commenced and promoted several suits for the recovery of her dower in large estates, of which the testator had been seised during her coverture, and which he had sold and conveyed by deeds of general

warranty, without her release of dower. The aforesaid appeal and these suits were pending in court when she died, as hereinafter stated.

" Said Pinkerton, as guardian, instituted proceedings for the recovery of what he supposed to be her share of her mother's estate received by her husband, which this court decided was not recoverable.

" Said Sarah C. died August 8, 1868, and her brother James C. Dunn was duly appointed administrator of her estate. He died in September 1869, and said Pinkerton was appointed administrator *de bonis non,* accepted the trust, and gave bonds. As such administrator, said Pinkerton petitioned the court of probate to order the defendant as executor to pay over to him the distributive share of said Sarah C. in the personal estate of the testator. A decree was passed directing such payment to be made ; and from this decree the executor appealed to this court, which reversed said decree.

" After the appointment of the said Pinkerton as guardian, the executor furnished him with no means to pay for the board, clothes or other necessaries of the said Sarah C., or for her support at said asylum, or to pay any portion of the costs or expenses of said legal proceedings, or for the services of said guardian ; nor was he asked or requested to do so. Said Pinkerton, as guardian, paid all such expenses, and divers sums of money for the board, clothing and support of said Sarah C. at said asylum. He expended money and performed services in the prosecution of said legal proceedings and in the care of his said ward, all which were charged in his accounts as guardian ; which said accounts have been settled and allowed by the Probate Court, but without notice to or knowledge of the executor.

" Said Pinkerton, as administrator, claims to recover the balances of his guardian's account of the executor, under the express provisions of the will. Mrs. Sargent continued insane till her death. Demand was made on the defendant before suit. If the plaintiff is entitled to recover the whole or any part of his claim, the case is to go to an assessor to ascertain the amount ; if he is not so entitled, judgment is to be entered for the defendant."

*C. T. Russell*, for the plaintiff.

*H. W. Paine & R. D. Smith*, for the defendant.

WELLS, J. Under the statutes of Massachusetts, the arrears of a bequest, like that for the support of Mrs. Sargent, may be recovered in an action at law. *Farwell* v. *Jacobs*, 4 Mass. 634. *Swasey* v. *Little*, 7 Pick. 296. *Crocker* v. *Crocker*, 11 Pick. 252. A demand is not necessary to the vesting of the right, but only to the maintenance of an action against the executor which is based upon default or breach of duty by him. The right is not lost, therefore, by the death of Mrs. Sargent without having made such demand. The plaintiff, as her administrator, is the person entitled, after her decease, to claim and receive whatever was due to her under the bequest; and the demand made by him, before bringing the suit, was sufficient for the purpose. *Miles* v. *Boyden*, 3 Pick. 213. *Swasey* v. *Little*, *supra*.

It is immaterial whether the expenses for the support of Mrs. Sargent remain unpaid as a debt against her estate, or have been met by other resources belonging to her, or advanced by her friends. The bequest is not satisfied and the estate in the hands of the defendant discharged by the fact that she has received the support from others; *Crocker* v. *Crocker*, 11 Pick. 252; even if there was no neglect or delay on the part of the defendant which rendered it necessary that other provision should be made. The report does not state whether there was such neglect or not.

The plaintiff was properly appointed as guardian of Mrs. Sargent, soon after the death of the testator. His expenditures for her support are chargeable to her estate, and may be recovered, as well as the bills remaining unpaid, as a part of the amount due to her under the bequest. It is recoverable because it is due to her, and not because the plaintiff has paid it. As her representative, he is entitled to recover the reasonable amount required for her support during her life, together with incidental expenses. These would include the necessary expenses of guardianship, and reasonable charges for personal oversight of the ward and care for her support.

But the account of the guardian settled in the Probate Court would not be competent to determine the amount; because it was

not settled with reference to the question of support, and especially because the defendant was no party to that proceeding, and had no notice or opportunity to be heard.

The expenses and charges for prosecuting claims and suits adverse to the will, or asserting rights inconsistent with it, cannot be recovered in this action. They are not for the support of the legatee, within the intent of the testator.

It is objected that the defendant is not in default as executor, because there is no direction in the will for payment of this bequest by the executor, but it is attached as a charge upon the residuary estate devised and bequeathed to Horace B. Sargent in trust to pay for this support; and that he is not in default as trustee because he has not given bonds nor received the estate as trustee, upon settlement of an account as executor; that the remedy, if any, is in the Probate Court, by requiring him to qualify as trustee and settle his account as executor.

We do not think these objections ought to prevail. There is no pretence of a deficiency of assets, or that the residuary bequest is not of a substantial present estate. The report does not indicate whether the executor's account has been rendered, or the estate settled, or the residue taken by the defendant in his own right. But as the executor was appointed in 1867, and is himself the residuary legatee and devisee, we may fairly presume that he is in the receipt and enjoyment of the estate. It is so alleged in the declaration, and not denied in the answer.

The defendant, then, is directly chargeable in an action at law for the legacy, on the ground of the trust attached to the residuary devise to himself. *Swasey* v. *Little*, 7 Pick. 296. *Sheldon* v. *Purple*, 15 Pick. 528. *Bowker* v. *Bowker*, 9 Cush. 519. *Adams* v. *Adams*, 14 Allen, 65.

It was indeed held in *Henry* v. *Barrett*, 6 Allen, 500, that an action could not be maintained against the executor, where there was no direction for payment by him, and he was not the devisee nor in possession of the property upon which the bequest was charged; but that it must be brought against those to whom the property came that was so charged with the payment. In the discussion, it was not denied that the action might have been

maintained if the executor had been devisee of the property upon which the legacy was charged; although doubt is expressed whether a third person, acting as administrator *de bonis non* with the will annexed, could properly be so held, as had been decided in *Baker* v. *Dodge*, 2 Pick. 619. But it is to be observed that in *Baker* v. *Dodge* the defendant was in possession of the property out of which the payment was to be made; and, if he could not be held, the bequest charged upon it might be practically unavailing, because the residuary devisee would not be liable until he should come into possession, and the settlement of the estate might be delayed indefinitely.

The case of *Bowker* v. *Bowker*, 9 Cush. 519, appears to have been a suit maintained against the defendant as executor, although there was no direction in the will that the executor should pay the annuity.

In the present case, the defendant is liable in one cápacity or the other. As it does not appear that he has closed his account as executor, we think the action may be maintained against him in that capacity.

The report states the action to be against the defendant as executor. Upon recurring, however, to the writ and declaration, we are inclined to regard it as more properly against him personally, and founded upon his liability as devisee of the property charged with the support of Mrs. Sargent. But this is a matter of form merely, not relied on in the answer, and not affecting the substantial rights of the parties. The question submitted to us by the report is that of the plaintiff's right " to recover the whole or any part of his claim," and not any technical question of pleading.

The case will accordingly go to an assessor to ascertain and report for what sum the judgment shall be entered for the plaintiff.