AMORY PRESCOTT, administrator, *vs.* CHARLES MORSE, executor.

The duties and liabilities of an executor, upon his decease, devolve upon the administrator with the will annexed of the estate of the deceased, who represents the testator and not upon the executor of the executor.

ON REPORT.

ASSUMPSIT, for a legacy given the plaintiff's intestate by the will of Willoughby Prescott.

Upon the twenty-ninth day of March, 1854, this will was executed and the maker died in January, 1859, and it was admitted to probate March 1, 1859.   The second bequest was the one under consideration, and read thus : "I give and bequeath to my son, George Prescott, the sum of two hundred dollars, placing it in the hands of the executor for his use and benefit as he may need it, and not receiving any more at any time than what is necessary for his benefit at the time."   George Prescott survived his father, but died before being paid the legacy, and the plaintiff was appointed his administrator.   Charles Morse was made executor of the will of Willoughby Prescott, and accepted that trust, but did not give any bond as trustee, as was understood to be the fact when this matter was previously before this court.   See *Prescott* v. *Morse*, 62 Maine, 447, 450.

Charles Morse, executor of Willoughby Prescott, died in February, 1864.   His son, of the same name, the present defendant, became executor of his will, and is sued here, in that capacity for said legacy.

*John H. Webster* for the plaintiff.

*Stephen Coburn* for the defendant.

State *v.* Smith.

APPLETON, C. J.    Willoughby Prescott by his last will and testament devised two hundred dollars in trust for his son George, and appointed Charles Morse, who has since deceased, as his executor.

No trustee was appointed for George Prescott, and the executor of the will of Willoughby Prescott never gave bonds as such trustee.

But Charles Morse gave bond as executor and in his life time settled one account in the probate office.    The duties of an executor devolved, upon his decease, upon the administrator *cum testamento annexo*, who represents the deceased executor.    *Farewell* v. *Jacobs*, 4 Mass., 634.    The executor of Charles Morse, whether executor by right or by wrong, does not represent the estate of Willoughby Prescott.    That would properly be represented by an administrator *cum testamento annexo*, but none such has been appointed.    As has been already decided, if the legacy remained in the hands of the executor of Willoughby Prescott, no action could be maintained against this defendant, as he is not authorized to settle or discharge the liabilities of that estate.    *Prescott* v. *Morse*, 62 Maine, 447.                                        *Plaintiff nonsuit.*

WALTON, DICKERSON, BARROWS, and DANFORTH, JJ., concurred.