MARY W. SMITH *vs.* STEPHEN FELLOWS, administrator.

Bristol.  Oct. 27, 1880. — April 5, 1881.  ENDICOTT & FIELD, JJ., absent.

A testator gave to his widow the use and improvement of certain real estate, together with his horse and carriages, and an annuity of one thousand dollars, "the same to be paid from the income of my property;" and devised to his daughter the residue of his estate, real and personal, after payment of debts, expenses and "the legacies hereinbefore mentioned." No trustee was named in the will or appointed by the Probate Court. *Held*, that the annuity to the widow was a charge upon the whole estate; and that she could maintain an action for the annuity against the administrator *de bonis non* with the will annexed, while the estate was in his hands unsettled, if the gross income of the estate was more than sufficient to pay the annuity, although the net income was not.

COLT, J.  The plaintiff, by the will of her husband, who died in 1874, was given the use of a portion of his real estate, and an annuity of $1000 during life, to be paid from the income of all his property. By the last clause in the will, the residue of his estate, real and personal, was given to his daughter, after the payment of debts, expenses and "the legacies hereinbefore mentioned." There were no trustees named in the will, and none have been appointed by the Probate Court. Upon the resignation of the executor, the defendant was appointed, on February 18, 1876, administrator *de bonis non* with the will annexed, and paid the plaintiff her annuity for the three years preceding 1879. This action of contract is brought to recover the annuity due in the year last named; and it is agreed that the gross income of the testator's estate for that year was more than sufficient to pay it. The judge found for the plaintiff, and the case comes before us on the defendant's exceptions.

It is objected that the action cannot be maintained against this defendant, because, as administrator *de bonis non*, he is not in law charged with a trust in favor of the plaintiff, and is under

no obligation to pay the annuity. But it is settled that where no trustee is named, and the will imposes duties upon the executor which are ordinarily performed by trustees, the performance of such duties will be required of the executor until his account is rendered, and the obligation transferred to a trustee duly appointed. *Saunderson* v. *Stearns*, 6 Mass. 37. Thus, where the will directed the executor to invest personal estate in public stocks, and apply the income in a particular manner, it was decided that the duty devolved on the executor as such. *Hall* v. *Cushing*, 9 Pick. 395. And so, where the will directed the income of a sum of money to be paid to a person during life, and no trustee was appointed. *Dorr* v. *Wainwright*, 13 Pick. 328.

In the case at bar, no account of administration appears to have been rendered in the Probate Court, and the estate is still unsettled in the possession of the defendant as administrator. As a general rule, the duties of an executor, resulting from the nature of his office, and charged upon him as executor, devolve on an administrator *de bonis non* with the will annexed, when it does not appear from the will, or from the nature of the duty imposed, that a personal trust or confidence is reposed in the executor. *Farwell* v. *Jacobs*, 4 Mass. 634. *Pinkerton* v. *Sargent*, 112 Mass. 110. Until the estate is settled, the administrator with the will annexed holds it subject to the provisions of the will, and is liable to an action at law, brought to recover a legacy or annuity payable under its provisions. *Farwell* v. *Jacobs*, above cited. It is expressly provided by statute that, when an annuity, or the income of any fund, is by will given to or in trust for the benefit of a person for life, he shall be entitled to demand and receive the same from and after the decease of the testator. Gen. Sts. *c.* 97, §§ 22, 23.

The defendant offered to prove that the income of the estate in his hands had all been consumed in repairs, necessary expenses and the payment of taxes and insurance; and contends that, as there was nothing realized as net income, the plaintiff has no right to demand the payment of her annuity. But the answer to this is that, by the true construction of the will, the plaintiff's annuity is not made to depend on the fact that the income from his estate shall be sufficient for its payment. It is a question of the testator's intention, and the intention to

give to this annuity the nature of a specific legacy, payable only out of income, must be clearly established. The manifest purpose of the testator here is to make ample and certain provision for his wife during her life. To that end, he gives her the use and improvement of his house and land in Fall River, and of a cottage lot in Barnstable, for life, and of his pew, together with his horse and carriages, and then gives to her "one thousand dollars per year during her lifetime, the same to be paid from the income of my property." It is the gift of a fixed sum, which is to be paid annually, and which is not made contingent or dependent upon the income of any specific portion of his property. There is no particular fund set apart for its payment. The income of the whole estate is charged, and the residue bequeathed to a daughter is described as that which remains after the payment of debts and expenses, and the payment of the legacies mentioned in the will. In view of all these provisions, the fact that the phrase "to be paid from the income of my property" is added to the bequest does not show a clear intention to make this legacy specific. It is rather the expression of a wish that the payment should be made from the income in case the same should be sufficient. The estate was mostly real property, and it is not to be gathered from the will that the testator intended that his wife should be without means of support, if for any reason the income should fail and the property become unproductive. The estate might still be of great value, and the result in such case would benefit the daughter, by increasing her reversion at the expense of the provision for the wife's support. The annuity given to the wife was no more a specific legacy than a legacy charged generally upon real estate. It is rather in the nature of a demonstrative legacy, which has a prior right to payment out of the fund charged, but is payable at all events out of the principal of the estate if the fund proves inadequate. *Boyd* v. *Buckle*, 10 Sim. 595. *Stewart* v. *Chambers*, 2 Sandf. Ch. 382, 394. *Pierrepont* v. *Edwards*, 25 N. Y. 128, 132. *Wilcox* v. *Wilcox*, 13 Allen, 252, 256. *Richardson* v. *Hall*, 124 Mass. 228.                                    *Exceptions overruled.*

*M. Reed*, for the defendant.

*J. M. Morton, Jr.*, for the plaintiff.