SAMUEL SMITH & *ux. versus* JOHN LAMBERT, *Executor.*

After the lapse of a year, an action for a legacy may, *under some circumstances,* be maintained by a residuary legatee against the executor, before a final settlement of the estate.

To maintain such action, it must appear that there are assets in the hands of the executor; but if it also appear that there are other and superior claims upon the assets, to their full amount, the residuary legatee must be postponed.

For the maintenance of such an action, it is not essential that the probate records should show assets, liable to a residuary legatee; though such records would be evidence which the executor could not controvert. After the lapse of a year, there is a *presumption* that the debts due from the estate, have all been paid.

It is not within the jurisdiction of the probate court to decide *who* are entitled, as legatees, under the will; or to decree *to whom* or at *what time* legacies or distributive shares shall be paid. Such a decree would be merely void. The allowance by the probate court to an executor for money paid to a legatee, beyond his just proportion, furnishes no protection to the executor for making such payment.

TRIAL before SHEPLEY, C. J.

Assumpsit for a residuary legacy made to Mrs. Smith by the will of her father. The will gave to his widow one third of all the estate, and to his oldest son two dollars, and the residue to his other seven children, of whom Mrs. Smith, the

plaintiff, was one, in equal shares. The will was approved, and the defendant was commissioned as executor, in 1840.

The inventory amounted to $1196,59. It was of personal property only, and consisted almost wholly of notes, upon annual interest, due to the estate from the oldest son, and secured by mortgage of real estate.

The executor settled his first administration account in 1848, after the commencement of this suit. He therein charged himself the whole inventory, and claimed and was allowed for items amounting to $965,83. Among the items were sums to the amount of $753,08, paid to legatees as follows, viz.: to the widow, $280,76; to the plaintiff, Mrs. Smith, $58,58, to four others respectively, $99,74; 100,00; 100,00; 114,00. The executor also settled a second account in April, 1848, in which was allowed him $78,53. No debts appear to have been paid since 1843.

If, from the amount of the inventory, there should be deducted the sums paid for debts, funeral charges, and administration expenses, and also the amount to which the widow was entitled, the account would show a balance in the executor's hands. Of that balance the plaintiffs demanded and now claim, one seventh. The final settlement of the estate has not yet been made.

The cause was submitted to the Court for nonsuit or default.

, *May* and *Burgess*, for the plaintiffs.

1. To maintain this suit, it is not necessary that the amount of the legacy should be ascertained by the executor's account, before nor even after the commencement of the suit. Provincial statute of William and Mary, chap. 3, to be found in Ancient Charters and Laws, chap. 19, page 258; statute of Mass. passed in 1783, chap. 24; statute of Maine, passed in 1821, chap. 51, sect. 43; *Farwell* v. *Jacobs*, 4 Mass. 634.

2. The plaintiffs have but to prove the bequest, the probate of the will, the official capacity of the defendant, and his reception of assets; of these facts, the probate records are

evidence.   *Farwell* v. *Jacobs*, before cited;  *Cowden* v. *Perry & al.* 11 Pick. 503 ;  *Parks & al.* v. *Knowlton & al.* 14 Pick. 432 ;  *Atkins & ux.* v. *Hill*, 1 Cowper, 284.

3. After a demand, the burden is upon the defendant, to justify his refusal.   This he may do under his plea of *plene administravit*, by showing that the *assets received* have been exhausted in the payment of superior claims ; or he may show a release, or payment.   Upon proof, or even upon suggestion that the assets may be wanted for the payment of prior claims, the Court will continue the action, or stay execution until the matter be made certain, or they may require a bond of the plaintiff to refund, as the case may require.   *Cady* v. *Comey & tr.* 10 Metc. 459.

The reception of assets may be shown by the records of the Court of probate, but not necessarily so.   It may be shown *aliunde*, as by confession or otherwise.   *Farwell* v. *Jacobs*, before cited ;  *Knapp* v. *Hunneford*, 7 Conn. 132.

*Morrill*, for defendants.

At common law no action could be sustained for a legacy. If an action can be sustained it must be by force of some statute provision.   R. S. Mass. (1836), chap. 66, § 16.   This statute is like the stat. 1783, by which it was enacted, in general terms, that any person having a legacy, might sue for the same in an action at common law.   By the Provincial statute it was enacted, " that any certain legacy, or any residuary or uncertain legacy, reduced to a certainty by the executor's account, may be sued for at common law.

Under these provisions, the decisions in Massachusetts have been made, and they have always held, that no action lies at common law, until the legacy was reduced to a certainty.   R. S. c. 108, § 25 ; 4 Mass. 635.   " Any residuary legatee, or any person having a particular legacy given him, under any last will, may sue for and recover the same of the executor, in an action of debt at common law."

When has an executor, according to the common law, assets in his hands, which belong to the residuary legatee and which he may sue for in the form given by the statute ?

Not until all the specific legacies are paid, debts, charges and expenses, and the whole liabilities of the estate are discharged, has he assets for such purpose.

Until this is done it cannot be known whether there is any estate for the residuary legatee, and no action at law lies in his behalf. 7 Pick. 14; 8 Pick. 484; 7 Greenl. 467; 2 Wend. 608; 17 Johns. 301; 4 Mass. R. 635; Stat. Mass. 1783, title Legacy; Stat. Mass. 1836, c. 66, § 16; R. S. c. 108, § 25.

The residuary legatee may not have his action, until he is prepared to *allege* and *prove* that *assets* have come into the hands and possession of the executor sufficient *after* all the aforesaid purposes, and that those assets are in his hands. This state of facts must be reduced to a certainty, either by the account of the executor, or by having him cited in, or he must take his remedy on his bond.

The will directs the executor to distribute to residuary legatees *after* payment of debts and charges, &c.    No specific time when to be paid, is given.

This action is brought, without the possibility of knowing whether there will or not be any thing to distribute after payment of debts, &c.

The writ is defective, and it is fatal, not *alleging* that there are assets in the hands of the executor to pay what is demanded.    4 Mass. 634; 7 Cowen, 701.

An executor is not to be considered as refusing to account for property received by him, until he has been cited by the Probate court for that purpose.    7 Pick. 14; 8 Pick. 484; 7 Greenl. 467.

TENNEY, J. — The statute allows one year to an executor or administrator, in which to administer an estate, and pay all claims against it, unless other provisions are contained in a will annexed to letters testamentary; or unless the condition of the estate is such, that it cannot be done.    Hence a particular legacy is payable in one year, if no time of payment is specified in the will, provided there are assets belonging to the

estate in the hands of the executor, subject to the legacy. *Sullivan & ux.* v. *Winthrop & al.* 1 Sum. 1 ; *Dawes* v. *Swan,* 4 Mass. 208. A residuary legacy depends upon a further contingency. It cannot be known with certainty, that any thing will be received by the executor, upon which a residuary legatee will have a claim, until the extent of the liabilities of the estate are ascertained, and it can be known, that there will be assets remaining after paying the expenses of the funeral, administration, debts and particular legacies. The law presumes, that the state of the affairs of the testator cannot be fully known, and administration perfected within a less period, and consequently an executor is not subject to a suit for a claim against the estate within that time. But it is not reasonable, that he should be at liberty for an indefinite length of time to keep open the administration, and omit to settle his accounts in probate, and thereby avail himself of that fact alone, to postpone the payment of claims, which were at first contingent. Accordingly he is required by his bond to make and return into the probate court, within three months, a true inventory of all estate, which has come to his possession or knowledge ; and to render upon oath a true account of his administration within one year, and at any other times, when required by the Judge of Probate. And he is made chargeable in his account with all goods, chattels, rights and credits of the testator, which may come to his hands, and which are by law to be administered, whether included in the inventory or not. R. S. c. 106, § 8 and 41.

When it is made to appear, upon a final settlement of an estate, disposed of by will, that there is in the hands of the executor, an amount to be paid to a residuary legatee, the latter is entitled to receive the same. And if the estate does not appear to have been fully settled, there is nothing in the statute precluding a residuary legatee from receiving so much of the legacy, as he is entitled to receive by virtue of the will, the state of the executor's accounts, and the assets in his hands. In looking into the history of the legislation upon this subject this is manifest. By the Provincial statute of

5 William & Mary, c. 3, it was provided, that any certain legacy, or any residuary or uncertain legacy reduced to a certainty by the executor's account may be sued for, and recovered at common law. In the statute of Massachusetts, passed in 1784, c. 24, there is a revision of the Provincial statute, and it is enacted in general terms, that any person having a legacy given him, may sue for and recover the same at common law. The statute of this State of 1821, c. 51, § 43, gives the right to an executor, who is a residuary legatee, to bring an action of account against his co-executor of the estate in his hands, and may also sue for and recover his equal and proportionable part thereof; and any other residuary legatee shall have a like remedy against the executor. And any person having a legacy given in any last will may sue for and recover the same at the common law. By Revised Statutes, c. 108, § 25, and § 17 of act of amendment, page 766, " any residuary legatee, or any person having a particular legacy given him, under any last will, may sue for and recover the same of the executor in an action of debt, or other appropriate action." A change in the statute first referred to, was intended in that of 1784, and the provision made in the latter has been preserved in all the subsequent revisions ; that any person having a legacy given him by will may sue for and recover the same without its being ascertained in amount to a certainty by the executor's account. The statute of 1784, c. 24, early received a judicial construction by the Supreme Judicial Court of Massachusetts, previous to the separation of this State therefrom ; and the statute of this State of 1821, and the Revised Statutes, are to be considered in connection with that construction, which by a well known rule of law is regarded as adopted, when those re-enactments took place. Judge Parsons, after referring to the statute of 5 William & Mary, c. 3, and that of 1784, c. 24, says, " in consequence of these statute provisions legacies have always been recovered by actions at law, in which the legatee shows the bequest, the probate of the will, the official capacity of the defendant, and his reception of assets, making him liable to

pay; of which the probate records are evidence." *Farwell* v. *Jacobs*, 4 Mass. 634.

This opinion was given in a case, where it was expressly found, that sufficient assets came to the hands of the administrator *de bonis non*, with the will annexed, and the claim was not that of a residuary legatee, and in consequence thereof, not contingent in amount. The statute under which that case was decided did not require, that an uncertain residuary legacy should be reduced to a certainty by the executor's account, or in any other mode, but it did require, according to the construction given to it, that an executor in order to be liable to a residuary legatee, should have received assets, making him liable to pay. It is undoubtedly true, that before a residuary legatee is entitled to receive his legacy, it must appear that there are assets in the hands of the executor; and if it is made further to appear, that the full amount of such assets are subject to other and superior claims, the residuary legatee must be postponed. This principle is involved in the very meaning of the term, residuary legatee. But in this respect it stands precisely the same as a particular legacy. The right to recover a residuary legacy, and one which is particular, is placed by the statute upon the same general basis. Neither can be legally claimed, without there being assets in the hands of the executor liable to pay; the latter is recoverable in full, if there are assets sufficient for the purpose; the exact amount of the former cannot be determined, till the administration is completed, and no part thereof can be claimed from assets no more than sufficient to pay the expenses, debts, and particular legacies, which are chargeable to the estate. But it was evidently designed that a residuary legatee, should not be postponed in the receipt of the intended bounty of the testator, till the executor had fully closed his administration. Such a construction, would render the change made by the Legislature of Massachusetts, in 1784, in substance, of no avail. It is manifest that the Provincial law must in many instances, especially when large estates were intended to be given to residuary legatees, have operated with great and unnecessary severity. It was deemed

unreasonable, that when it was evident a large estate would at some time come to the possession of a residuary legatee, who was not the executor, that the executor should hold the whole till the final close of the administration, and at the same *time*, be able by defending a suit for an insignificant claim against the estate, to delay to make his last settlement, because of the uncertainty of the amount, for which he would be bound to account.

If it should be shown by any competent evidence, that the funeral expenses, the costs of administration, allowance, if any, to the widow, the debts against the estate and all particular legacies are fully paid, and there is left in the hands of the executor assets, a residuary legatee has a right to demand and receive such part of those assets, as he is by the will entitled to. And if not paid after a proper demand, he can sue for and recover the same in an action at common law, which is appropriate.

It is no longer necessary that the executor's account in the probate office should exhibit assets, liable to a residuary legacy, to entitle the one to whom it belongs to receive it; still such account which has been finally settled in probate, is evidence of the highest character, and such as the executor cannot controvert. And under the statute, it is immaterial whether it is filed and settled before the commencement of the action or not, provided it shows that assets were in his hands, after all claims besides those of the residuary legatees were settled, at the time demand was made and before the action was commenced. If by such account, there appeared to have been, when demand was made on the executor, a balance in his hands after paying all claims against the estate arising from expenses, allowances, and particular legacies, and more than a year had elapsed after he assumed the trust, it is a legitimate presumption, that there are no outstanding debts against the estate; for the executor's duty required, that the funds should be appropriated in the payment of debts, in preference to the discharge of particular legacies. And if the payment of certain debts were charged against the estate, in addition to the

payment of particular legacies, there would be the same presumption, that no other debts remained ; *a fortiori*, would this presumption arise, when so long a time had elapsed after the executor received letters testamentary with the will, that there could be no existing debt of the estate, which was not barred by the statute of limitations.    Such presumption might be rebutted as in other cases, by proof of a state of things which would show that there were claims against the estate, which might absorb the assets on hand.    The executor might produce evidence, that he was defending a suit brought against the estate, before the statute of limitations had attached, and if the claimant should be successful, the judgment would exhaust the entire funds.    It would be competent for the Court, before which the suit of the residuary legatee might be pending, to order the same continued, unless the plaintiff therein should give such security as the Court might order, on taking a judgment, to refund what he should receive thereon, if it should be necessary to discharge the prior claims on the estate. *Cady* v. *Comey and trustee*, 10 Metc. 459.

So far as the settlement of an executor's account in the probate office, should be within the jurisdiction of the probate court, it would be conclusive upon all.    But the allowance of a charge against the estate, not within the probate jurisdiction, would be entirely nugatory.    The payment of a sum of money to a supposed legatee, beyond the amount to which he was entitled, would furnish no protection to the executor, although his account containing the charge therefor, might have been allowed.    In the case of *Cowdin* v. *Perry*, 11 Pick. 503, the Court say, " But the question, *to whom* and at *what time,* a legacy or a distributive portion under the will, is to be paid by an executor is one of which the judge of probate has no jurisdiction.    Any decree directing the executor to pay or not to pay a legacy to a particular person, or at what time a legacy should be paid, whether made upon or without notice, would be extra-judicial, and would afford the executor no justification. It is difficult to conceive how a subsequent ratification or al

lowance of a payment, already made, can be of any greater force or effect."

By applying these principles to the case at bar, a result will be attended with no material difficulty. The will of Benjamin Davis was proved, approved and allowed on the second Tuesday of December, 1840, and on the same day, the defendant, who was appointed executor by the will, received letters testamentary, with the will annexed. The testator gave his wife in the will, one-third part of all the property real and personal, of which he died seized and possessed, after paying all his just debts, funeral charges, the expenses of administration, and a legacy of two dollars to his son Benjamin, who was a debtor to the estate, and from whom were received the principal part of the funds, which came to the possession of the executor. All the residue of his property was given to seven of his children, who were named, in equal shares, one of whom was Sally Smith, the wife of Samuel Smith. This action was brought by Samuel Smith and his wife to recover a balance which they claim as residuary legatees, a demand having been made on July 4, 1847, which was previous to the commencement of the suit.

An inventory was returned by the defendant, in March, 1841, of certain personal property amounting to the sum of $1196,59. The defendant settled his first account of administration in the probate office, on the second Monday of March, 1848, in which he charges himself with the personal estate of the testator, as by the inventory, and claims the allowance of certain sums paid out, a considerable portion of which are to the residuary legatees, of amounts unequal. After deducting from the sum, which he charges himself, the amount paid in debts against the estate, including one of his own, the funeral expenses, and costs of administration, and the amount to which the widow was entitled, there remains a balance, one-seventh part of which exceeds the amount, which the plaintiffs have received, but is much less than the sums, which several of the residuary legatees have received from the defendant respectively. The defendant also settled a second account on April

1, 1848, but no copy thereof has been furnished the Court, and no argument has been founded thereon, on either side.

It was not suggested at the trial that there were any outstanding claims against the estate, or that its administration was not in reality closed. If any debts remained against the estate at the time the suit was brought, they were barred by the statute of limitations, unless seasonably put in suit, and pending, which does not appear. The payment to other residuary legatees beyond their proper proportion is no protection to the defendant, notwithstanding the charges have been allowed in probate. It appears by the date of the charges in the defendant's account settled in the probate court, that there were assets in his hands after paying all claims against the estate, superior in their nature to that of the plaintiffs, at the time this demand was made upon him. Subsequent charges have not been sufficient to reduce the amount in his hands to such an extent, as to absorb the assets then in his possession.

From the amount charged by the defendant to himself, deduct the payments made for funeral expenses, all the costs of administration, debts paid, and the particular legacy to Benjamin Davis ; from the balance so found, take one-third part thereof as the claim of the widow ; and one-seventh part of the residue, after taking therefrom the amount already received by the plaintiffs, will be the share belonging to them, which together with interest from the time of their demand, will be the damages, which they are entitled to recover. By agreement of parties, *Defendant is defaulted.*