WILLIAMS, *Judge of Probate, versus* CUSHING, *Executrix.*

One, having been appointed by a will, as executor and also as trustee, and having given bond as executor, will be deemed to have declined the appointment as trustee, unless he give bond in that capacity also.

It is a *general rule* that suits upon probate bonds are not maintainable, unless authorized by the Judge of Probate, or unless the amount due from the obligor has been ascertained by a judgment of Court. This rule, however, does not apply to suits brought by residuary legatees, whether the legacies be for their own benefit, or in trust for the use of others.

Where a *testamentary trustee* of the residuum of the testator's estate has declined to act in that capacity, another person may be appointed in his room by the Judge of Probate.

The person so appointed will have the rights of a residuary trustee, in relation to suits upon Probate bonds.

If there be a residuary trustee, it is to *him* that the executor is to pay the residuary fund.

If the executor, instead of paying such fund to the trustee, have paid it, *as executor*, to some person having no just claim to it, there is no jurisdiction in the Judge of Probate to allow for such payment in settling the executor's administration account.

A decree by the Judge of Probate, making such allowance, being merely void, will not preclude the trustee from receiving the amount of the fund in a suit upon the executor's bond.

ON REPORT from *Nisi Prius*, WELLS, J. presiding.

DEBT on Probate bond given by the defendant's testator.

Prior to 1843, Abraham Arnold, an insane person, of full age, had been supported for several years at the expense of the town of Augusta. In 1843, his father, John Arnold, died, having appointed Loring Cushing to be the executor of his will. The testator after making certain legacies, gave the residue of his estate to Mr. Cushing, *in trust*, to be applied, at his discretion, for the support of said Abraham, and of a daughter named Abigail. The will appropriated $100, to be paid to Abigail upon the occurrence of her marriage; and also directed that, if Abraham should die *in the life-time of the* testator, all charges for his support should be paid out of the testator's estate.

Abigail is yet living, and has never been married. Up to the time of his father's death, the amount which the town had expended for the support of Abraham was $375,89.

Mr. Cushing gave bond, and took the oath as executor, and administered the estate, but gave no bond as trustee.

The funds in his hands, as executor, after paying all undisputed charges, amounted to $475,89. That sum he placed in the town treasury, viz: $375,89, to reimburse the town for said expenditure, and $100 to be paid to Abigail upon the occurrence of her marriage. These sums he charged in his administration account. They were allowed by the Probate Court, and thereby the administration account was balanced and settled.

After these proceedings, Mr. Cushing died, and the Judge of Probate appointed David Oakes to be *trustee* of said John Arnold's estate.

Mr. Oakes considers Mr. Cushing to have placed the $475,89 in the town treasury without authority, and in his own wrong; and it is by his procurement that this suit was commenced upon the executor-bond, given by Mr. Cushing, to recover that sum with its interest against the executrix of Mr. Cushing's will. The Judge of Probate gave no authority for bringing the suit; neither has the amount, (if any,) due to the trustee, been ascertained by any judgment of court.

The case was submitted to the Court for a decision according to legal rights.

*Emmons*, for the plaintiff.

*North* and *Mills*, for the defendant.

1. The prerequisites of R. S. c. 113, have not been complied with. The permission of the Judge of Probate to institute the suit has not been shown. § 7, 8, 16.

Neither has the amount to be recovered been ascertained by a judgment at law. § 5, 6, 7, 10, 11, 12.

2. The executor's account has been fully allowed and settled in the Probate Court.

This Court as a Court of common law, cannot so revise the proceedings of the Judge of Probate, as to reverse an allowance already made to an accountant in the Probate Court. 2 Greenl. 257; 31 Maine, 254; 7 Greenl. 312; 7 Mass. 83; 11 Mass. 512.

3. The fund was appropriated according to the intent of the testator, as deducible from all the provisions of the will.

APPLETON, J. — Loring Cushing was appointed by the last will and testament of John Arnold his executor and trustee for certain purposes fully set forth therein. He took upon himself the trust of executor, gave the requisite 'bonds, administered upon the estate and then deceased. The defendant was appointed his executrix. As he never gave bonds as trustee, he is to be regarded as having declined to act in that capacity. *Groton* v. *Ruggles*, 17 Maine, 137. The trust being thus vacant, David Oakes was appointed trustee, and by virtue of his appointment commenced this suit to enforce the payment of the amount to which as such he is entitled.

The suit is brought without any special authority from the Judge of Probate, as a matter of right under the provisions of R. S. c. 113, § 5, 6, 7. The amount due the trustee, Oakes, has never been ascertained by judgment of Court. By § 10, 11 and 14 of the same chapter the amount due the creditor or legatee must first be determined by judgment of Court, and a demand for payment thereof must be made upon the administrator or executor, previous to the maintenance of a suit on the official bond of such administrator or executor, by one attempting to enforce his rights without the express authority of the Judge of Probate. *Coffin* v. *Jones*, 5 Pick. 62 ; *Groton* v. *Tallman*, 27 Maine, 68. To this there is but one exception. From the language of these sections, it is evident that a residuary legatee may maintain a suit, without having fixed the amount due him by judgment. *Smith* v. *Lambert*, 30 Maine, 137. More than a year has elapsed since the executor took upon himself the trust, and it is not denied, that all debts due from the estate of Arnold have long since been paid. Unless then David Oakes is to be considered the residuary legatee or the successor of the residuary legatee and entitled to all his rights, the action cannot be maintained.

After making certain legacies not material to the determi-

nation of the rights of these parties, the testator devises "all the residue" of his property to Loring Cushing, executor of his last will and testament, upon and for the trusts, interests and purposes hereinafter mentioned. The duties of executor and trustee are separate and distinct. They may be conferred upon and performed by one and the same or different individuals, as the testator shall deem expedient. The performance of these trusts is enforced by bonds corresponding to the official duties respectively imposed. The appointee may accept or decline either or both, when both are conferred on the same person. Whether the executor and trustee is or is not the same, is immaterial. Legally they are to be viewed as equally distinct, whether these trusts are held by one or more. The trusts are clearly set forth in the will, and the executor is appointed *residuary legatee* in trust. But whether the residuary legatee hold the estate in his own right or in trust cannot affect his right of action under § 11. The legal estate in either case is equally vested in him, and his rights to the estate bequeathed depend in no way upon what may be its future disposition. So too when a trust is created and a trustee appointed, though the individual named should decline, the trust is not thereby defeated. It will still be upheld, and the intentions of the intestate will be carried into effect through the agency of some one appointed for that purpose, whose rights and duties will be the same as if he had been originally designated for the trust. All this is necessary to prevent the failure of the manifest purposes of the deceased. The trustee under the will was residuary legatee, and the plaintiff Oakes succeeds to his rights. This action is rightly brought.

John Arnold left two children, Abraham and Abigail, both of whom survived him. Abraham has since his death deceased. During the life of his father and since his decease, he was supported in the Insane Hospital by the town of Augusta. The amount thus paid has since been refunded to the town by the executor of Arnold, who in the settlement of his account was allowed the same by the Judge of Pro-

bate. It thus becomes necessary to determine whether those payments were rightfully made, and if not whether the decree of the Judge of Probate allowing them is conclusive and a bar to the recovery of the amount thus paid.

The will, after making Loring Cushing the executor trustee, proceeds to make him, *as trustee and in that capacity*, residuary legatee, and to designate the uses and purposes for which the trust was created. Upon this portion of the will, the question arises whether the trust is charged with the maintenance of Abraham before the death of his father. The two first clauses relate to the future support of these children in certain contingencies and to the disposition of the residue of the estate if any should remain after their decease or that of either of them. The language of the will in reference to the rights of these parties is as follows: "I also order that, if the said Abraham should decease before my death, that every and all charges for his support up to the time of his decease shall be paid out of the property which I may leave, provided the same property shall be sufficient to defray and discharge the same expenses and also to give my daughter Abigail one hundred dollars as above stated," &c. The trustee has no right to appropriate the funds for any other or different purposes than those set forth in the will. The executor as such was to pay the funds to the trustee when appointed, till which time they were held by him in his official capacity. The language referred to looks only to the single contingency of the death of Abraham before his father and in that event provides for his past support. The contingency which would justify these payments never occurred. Abraham was the preferred object of his father's bounty. It was known to the father that he was supported by the town of Augusta. In case of the decease of Abraham before his death, he was willing that the funds destined principally for his benefit should be appropriated for his past support. If he survived, the estate was to be for the future support of his children. The other provisions of the will are entirely prospective. The amount of $475,89 was wrongfully paid

by the executor into the treasury of Augusta, it being for the expenditures for the son before the death of the father and one hundred dollars for Abigail under the provisions of the will in case of her marriage.

As this sum has been allowed the executor by the Judge of Probate in the settlement of his account, it is insisted that this allowance is forever binding and conclusive upon all parties interested. The decree of the Judge of Probate upon all matters within his jurisdiction is final unless vacated by appeal. As to matters without his jurisdiction it is null and void. It is no part of his duty to settle the legal construction of a will, to determine in case of different claimants to whom payment should be made, or when the amount is contested, what the sum shall be. All these questions belong to another tribunal. The executor might await the legal decision of controverted rights, or he might on his own responsibility decide for himself. He chose the latter and must abide the result. These funds then are to be deemed as still legally in his hands, the payment to the town of Augusta having been made without authority. *Smith* v. *Lambert,* 30 Maine, 137; *Cowden* v. *Perry,* 11 Pick. 503. The amount received remains in his hands till he renders an account, in which the payments shall appear to have been made to the trustee, who should give a new bond whether such trustee be the executor or some one else. *Conkey* v. *Dickinson,* 12 Met. 51. This not having been done, the executor would remain chargeable.

SHEPLEY, C. J., TENNEY, HOWARD and RICE, J. J. concurred.

*Defendant defaulted.*