WARREN A. M. STEERE *vs.* MARK H. WOOD, Administrator.

A pecuniary legatee may, within three years from the grant of letters testamentary, bring an action against the executor for his legacy without giving, or offering to give, bond under Pub. Stat. R. I. cap. 187, § 10.

Sketch of the statutory provisions of Pub. Stat. R. I. cap. 187, § 10, from A. D. 1798.

ASSUMPSIT.    On demurrer to the plea.

*December* 21, 1885.    DURFEE, C. J.    The question raised by the demurrer is, whether a pecuniary legatee is entitled to bring an action at law for his legacy within three years after letters testamentary have been granted, without first giving, or offering to give, bond under Pub. Stat. R. I. cap. 187, § 10. Section 10 is as follows : —

" No person entitled to a share in the estate of any deceased person shall have a right to demand the same within three years after administration or letters testamentary granted on such estate, unless he shall give bond to the administrator or executor, with sufficient surety, to be approved by the Court of Probate, to refund the proportionate share of the estate, in case any debt or debts shall afterwards appear against the same, and the executor or administrator should not have a sufficiency of the estate in his hands undivided for the payment thereof : *provided*, that the heirs at law or devisees may, during said term, take the rents and profits of the real estate as heretofore."

Chapter 187 is entitled, " Of Descents, Distribution, Division, and Advancement," and relates almost exclusively to intestate estates.    Section 10 is under the head of " Distribution," next after the provision for the distribution of surplus personalty not bequeathed.    It makes no mention of " legatees," but only of persons " entitled to a *share* in the estate of any deceased person,"

language which more fitly designates persons entitled to distributive shares than persons entitled to legacies, especially pecuniary or specific legacies. It will also be observed that the bond is to be given " to refund the *proportionate share* of the estate in case of any debt or debts " afterwards appearing. The language applies perfectly to the case of a distributee, but very imperfectly to the case of a pecuniary legatee, for such a legatee would not have to contribute proportionately; he would not have to contribute at all so long as there were any intestate or residuary personalty left; and even after the exhaustion of the intestate and residuary personalty, he would not necessarily have to contribute proportionately, some legacies being entitled to priority over others. In the case of an estate where the executor, being a residuary legatee, has given bond to pay debts and legacies, the bond would be useless; since an executor who has given bond to pay debts and legacies is bound to pay them whether he has assets enough or not. *Colwell & wife* v. *Alger*, 5 Gray, 67. The provision for a bond, as also that for an action at law for a legacy, appear in the Digest of 1798, pages 304 and 285 respectively. They likewise appear in the Digest of 1822, pages 235 and 220, and in the Digest of 1844, pages 247 and 234. In the latter digests the provision for bond is the same as now, except that the language is, " No person entitled to a share in an *intestate* estate," instead of " No person entitled to a share in the estate of any deceased person." The provision, as it existed in these digests, could not be construed to apply to legacies. If it applies to legacies now, it applies because of the verbal change noted. Of course the question arises, why the change unless the purpose was to extend the provisions to legacies ? The change first occurs in the Revision of 1857. In that revision the statutes were carefully rearranged according to subject-matter, and revised in point of expression, often without any intent to alter their meaning. The statutory provisions regulating the distribution of intestate personalty and the statutory provisions for a bond, already spoken of, were separated by several sections in the earlier digests, and were first brought into juxtaposition in the Revision of 1857, Rev. Stat. R. I. cap. 159, §§ 9, 10, evidently because of their relation to the same subject, namely, the distribution of intestate estate. Of

course the revisers must have been sensible, when they put the two provisions together under the same head, that the words " share " and " proportionate share " in the provision for the bond would, or at any rate might, naturally be read as having reference to the preceding provision for distribution, and so be construed to mean distributive share, and the proportion of such share needed to supply a deficiency. And in this view it seems to us that, if they had intended to have the provision extend to legacies as well as distributive shares, they would not have relied on the uncertain change which they made, but would have rendered their purpose plain beyond question by directly saying, " no person entitled to any legacy or share," etc., and by adapting the rest of the section more exactly to their design. This view is strongly corroborated by the fact that the subsequent provision, Pub. Stat. R. I. cap. 189, § 23, for an action at law for a legacy, gives the action without any mention of a bond, though the action is subject to the same limitation in respect of time as an action for debt by a creditor. An executor is not liable to the action within a year after the probate of the will. The law apparently assumes that by the end of the year the executor will have ascertained what the estate is and what debts there are, and whether the estate will suffice to pay both debts and legacies. Of course the executor may without fault have failed to get this knowledge. If so, the case will have to be continued until the judgment can be safely rendered. In some states the courts have power by statute to exact a refunding bond, if necessary, for the security of the executor, before entering judgment. Whether, independently of any statute, it would be possible to exact such a bond, we leave for decision when, if ever, the question is raised. *Smith* v. *Lambert*, 30 Me. 137 ; *Dean* v. *Nunnally*, 36 Miss. 358 ; *Magee* v. *Greg*, 11 Sm. & M. 70 ; *Farwell* v. *Jacobs*, 4 Mass. 634 ; *Brooks* v. *Lynde*, 7 Allen, 64.                    *Demurrer sustained.*

*Browne & Van Slyck*, for plaintiff.

*Edwin Metcalf*, for defendant.