WILLIAM S. DROWN, Trustee, *vs.* HENRY STAPLES *et al.,* Executors.

The action of account or in the nature of account given to a residuary legatee by Pub. Stat. R. I. cap. 189, § 24, is exclusive of any other action at law, at least so long as the amount of the residuary legacy is not determined

ASSUMPSIT.    On demurrer to the declaration.

*December* 31, 1892.    MATTESON, C. J.    The plaintiff sues in *assumpsit* to recover one-sixth of the residue of the estate of Evelina Staples bequeathed to his *cestui que trust*, Rebecca S. Drown.    The first count in the declaration sets forth, among other matters, that the testatrix died July 15, 1885, leaving a last will and testament, which was duly admitted to probate by the Municipal Court of Providence August 25, 1885; that in and by her will, the testatrix gave and bequeathed to Rebecca S. Drown one-sixth of the rest and residue of her estate and appointed the defendants executors thereof; that they took upon themselves the execution of the will and that goods and chattels of the testatrix of great value came to the hands of the defendants to be administered, which were more than sufficient to pay the just debts, legacies and funeral expenses of the testatrix and the charges of proving her will, &c.

The defendants demur to this count.

Pub. Stat. R. I. cap. 189, §§ 23, 24, are as follows:

"SEC. 23.    Any person having a legacy given to him in any last will and testament may sue for and recover the same at law.

"SEC. 24.    Any executor, being a residuary legatee, may bring an action of account, or in the nature of an action of account, against his co-executor or co-executors of the estate of the testator, in his or their hands, and may sue for and recover his proportionate part thereof, and every other residuary legatee shall have the like remedy against the executors."

We are of the opinion that the demurrer should be sustained upon the ground that the action prescribed by the last clause of § 24 is exclusive of any other action at law by the residuary legatee for the recovery of such a legacy, so long, at least, as the amount of it remains indeterminate.    Prior to the passage of the statutory provisions, of which the sections quoted are reënactments, the only remedy of a legatee for the recovery of a legacy was by a suit in equity.    While the statute gives a new remedy, to wit, an action at law, the legatee must, nevertheless, pursue his appropriate action.    If

the legacy is residuary, and therefore uncertain in amount, dependent on the final settlement of the executor's account, the only appropriate action at law in which to take that account and thus ascertain the amount of the legacy, is an action of account, and, hence, doubtless, the statute has limited the remedy of a residuary legatee to an action of account, or an action in the nature of an action of account. Such was evidently the view taken by the court in *Municipal Court of Providence* v. *Henry*, 11 R. I. 563, 564, in which it was held that an executor was not liable on his bond for a neglect to divide the residue of an estate until it had been determined in the due course of administration and accounting that there was a residue remaining in his hands for division and what it was; or until the legatee had recovered judgment against him in the action given by the statute.

Plaintiff's counsel has cited in support of the count, *Smith* v. *Lambert*, 30 Me. 137, in which it was held that under the statute of Maine an action could be maintained by a residuary legatee against an executor before final settlement of the estate, provided it appeared that there were assets in the hands of the executor, and that there were not other and superior claims on the assets to their full amount. In that case, it is true, the action was *assumpsit*, but the attention of the court does not appear to have been drawn to the form of the action, the discussion being of the question, whether or not it was necessary that an uncertain residuary legacy should be reduced to a certainty by the executor's account, or in some other mode, before it could be sued for in an action at law. Moreover, the statute of that State of 1821, cap. 51, § 43, which was substantially like Pub. Stat. R. I. cap. 189, § 24, was not contained in the Revised Statutes of Maine, cap. 108, § 25, and § 17 of the act in amendment thereof, page 766, the provision in which, in force at the time of the decision in *Smith* v. *Lambert*, was as follows: "Any residuary legatee, or any person having a pecuniary legacy given him, under any last will, may sue for and recover the same of the executor in an action of debt, or other appropriate action." Under this provision, as will be seen, the remedy of a residuary leg-

atee was not expressly limited, as in our statute, to an action of account, or an action in the nature of an action of account, but merely to some appropriate action, though, in our opinion, as already stated, an action of *assumpsit* is not such an action.

If it be urged that an action of account at common law has become well nigh obsolete in this State, the answer is, that it is because the remedy by a bill in equity for an account, to which all persons interested may be made parties and in which the rights of all may be carefully guarded, affords a more convenient and satisfactory proceeding. Those who prefer the action of account are still at liberty to adopt it if they desire.

*Demurrer sustained.*

*Edward D. Bassett & Edward L. Mitchell*, for plaintiff.
*Benjamin M. Bosworth*, for defendants.